Peggy A. Tomsic (3879)
  tomsic@mgpclaw.com
Kennedy D. Nate (14266)
  nate@mgpclaw.com
**Magleby & Greenwood, P.C.**
170 S. Main Street, Suite 1100
Salt Lake City, UT 84101
(801) 359-9000

Timothy P. Getzoff (*pro hac vice application forthcoming*)
  tgetzoff@hollandhart.com
Nadya C. Davis (*pro hac vice application forthcoming*)
  ncdavis@hollandhart.com
**HOLLAND & HART LLP**
One Boulder Plaza
1800 Broadway, Suite 300
Boulder, CO 80302
(303) 473-2700

**Attorneys for Plaintiffs**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| **NUTRACEUTICAL CORPORATION,** a Delaware corporation, and **NUTRAMARKS, INC.,** a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> **MUSCLEPHARM CORPORATION,** a Nevada corporation, <br><br> Defendant. | **COMPLAINT FOR TRADEMARK INFRINGEMENT AND JURY TRIAL DEMAND** <br><br><br><br> Civil Case No. 2:15-cv-00759 <br><br> **HONORABLE Dustin B. Pead** |

Plaintiffs Nutraceutical Corporation and NutraMarks, Inc. (collectively, "Plaintiffs" or "Nutraceutical"), in support of their Complaint against MusclePharm Corporation ("Defendant" or "MusclePharm"), allege and state as follows:

## INTRODUCTION

1.  In this action, Plaintiffs seek injunctive and monetary relief for trademark infringement and unfair competition under the Federal Trademark Act, 15 U.S.C. § 1051 *et seq.,* violation of the Utah Unfair Competition and Practices Acts, Utah Code Ann. § 13-5-101 *et seq.*, and unjust enrichment under Utah common law.  Plaintiffs also seek refusal of Defendant's pending applications to register NATURE SPORT pursuant to 15 U.S.C. § 1119.

## THE PARTIES

2.  Plaintiff Nutraceutical Corporation is a Delaware Corporation having its principal place of business at 1400 Kearns Boulevard, Park City, Utah, 84060.

3.  Plaintiff NutraMarks, Inc. ("NutraMarks") is a Delaware Corporation having its principal place of business at 1500 Kearns Boulevard, Park City, Utah, 84060.  NutraMarks is a wholly-owned subsidiary of Nutraceutical Corporation and owns the trademark rights and assets used by Nutraceutical Corporation.

4.  Upon information and belief, Defendant MusclePharm Corporation is a Nevada corporation with its principal place of business at 4721 Ironton Street, Unit A, Denver, Colorado, 80239.  Defendant extensively advertises, sells, and distributes its products nationwide, including in Utah, and its sales and distributions affect commerce in the United States.

## JURISDICTION AND VENUE

5.  This action arises under the Federal Trademark Act, 15 U.S.C. § 1051 *et seq.,* the Utah Unfair Competition and Practices Acts, Utah Code Ann. § 13-5-101 *et seq.*, and Utah common law.

6.  This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant's contacts with Utah are sufficient to create personal jurisdiction over Defendant in Utah and because a substantial part of the events giving rise to the claims in this action occurred within this District.

8. The Court has personal jurisdiction over Defendant because it extensively transacts business in and sells products into Utah and has caused an injury to Plaintiffs within the state of Utah.

## GENERAL ALLEGATIONS

### Nutraceutical's Senior Rights To The NATURAL SPORT Mark

9. Nutraceutical (directly and through its subsidiaries) manufactures, distributes, and sells a wide variety of nutritional and dietary supplements, cosmetic products, personal care products, and therapeutic topical products in health and natural food stores and similar outlets nationwide.

10. Since at least as early as 1998, Nutraceutical has used the NATURAL SPORT trademark throughout the United States in connection with the advertising, promotion, and sale of dietary and nutritional supplements. A copy of the NATURAL SPORT mark and logo is set forth below.



11. Nutraceutical owns U.S. Trademark Registration No. 2,455,644 for the NATURAL SPORT mark covering "dietary supplements" in Class 5. A copy of the registration certificate for this mark is attached as **Exhibit A**.

12. Nutraceutical's registration for NATURAL SPORT has achieved incontestability status under 15 U.S.C. § 1065 and 1115(b) and therefore constitutes conclusive evidence of the validity of the mark and registration, and of Nutraceutical's exclusive right to use the mark in connection with the goods set forth in the registration.

13. This registration also constitutes constructive notice to all other parties of Nutraceutical's ownership of the NATURAL SPORT mark pursuant to 15 U.S.C. § 1072.

14. Nutraceutical's federal registration and common law rights in the NATURAL SPORT mark are collectively referred to as the "NATURAL SPORT Mark."

15. Since at least as early as 1998, Nutraceutical has invested significantly to develop, promote, and maintain the NATURAL SPORT Mark throughout the United States.

16. As a result of substantial sales and extensive advertising and promotion, the NATURAL SPORT Mark has become widely and favorably known as identifying Nutraceutical's dietary and nutritional supplements, and has become an intellectual property asset of considerable value.

### **Defendant Adopts And Applies To Register "NATURE SPORT"**

17. Between January 2014 and June 2015, Defendant filed fifteen (15) applications with the United States Patent and Trademark Office ("USPTO") to register marks containing the phrase "NATURE SPORT" in international Class 5 and 32 covering various dietary and nutritional supplements and energy drinks (the "NATURE SPORT Applications"). A chart of the NATURE SPORT Applications is attached as **Exhibit B**.

18. Upon information and belief, Defendant failed to inform the USPTO of Nutraceutical's senior rights in and registration for its NATURAL SPORT Mark for competitive dietary and nutritional supplements in Class 5, and instead falsely represented to the USPTO

4

(fifteen times) that there were no other users of marks so resembling NATURE SPORT as to be likely to cause confusion.

19. Upon information and belief, Defendant recently began making actual use of its NATURE SPORT mark in connection with a line of dietary and nutritional supplement products. Depictions of Defendant's products and advertising using its NATURE SPORT mark are set forth below:



20. Similar to Nutraceutical's NATURAL SPORT logo, Defendant's NATURE SPORT logo incorporates a circle design containing the letter "n" with a line running through it.

21. Upon information and belief, Defendant is marketing or will market its NATURE SPORT line primarily to health and natural food stores, such as Whole Foods—the same channels of trade through which Nutraceutical primarily sells its dietary and nutritional supplement products under its senior NATURAL SPORT Mark.

22. Defendant's NATURE SPORT mark differs from Nutraceutical's prior used and registered NATURAL SPORT Mark by only two letters. The overall connotation and commercial impression created by the marks is confusingly similar.

23. Due to the similarity in the marks, the logos, the products, the trade channels, and other relevant factors, Defendant's use of and attempt to register NATURE SPORT is likely to cause confusion among consumers as to the source, origin, or affiliation of Defendant's products.

24. Defendant's infringing use of the NATURE SPORT mark began subsequent to Nutraceutical's first use and registration of the NATURAL SPORT Mark.

25. Upon information and belief, Defendant's acts, in adopting and applying to register its NATURE SPORT mark despite having at least constructive knowledge of Nutraceutical's NATURAL SPORT Mark, were knowingly, deliberately, and intentionally carried out in bad faith, or with a reckless disregard for, or with willful blindness to, Nutraceutical's rights, for the purpose of causing confusion and/or trading on the NATURAL SPORT Mark and Nutraceutical's reputation and goodwill associated with the NATURAL SPORT Mark.

26. Upon information and belief, Defendant has profited and continues to profit from its unlawful acts.

27. The intentional nature of Defendant's unlawful acts renders this an exceptional case, thereby entitling Nutraceutical to exemplary and/or punitive damages under 15 U.S.C. § 1117(a) and applicable statutory and common law.

## COUNT I
### Trademark Infringement Under Federal Law
### (15 U.S.C. § 1114)

28. Nutraceutical realleges the allegations contained in each of the paragraphs above.

29. This is a claim for infringement of Nutraceutical's federally registered NATURAL SPORT Mark, as depicted in **Exhibit A**.

30. Defendant's conduct is likely to cause confusion, mistake, or deception as to the source or origin of its products, or the affiliation, sponsorship, or other relationship between the parties in violation of 15 U.S.C. § 1114(1).

31. Defendant's conduct also constitutes an attempt to trade on the goodwill that Nutraceutical has developed in the NATURAL SPORT Mark.

32. By its conduct, Defendant has caused Nutraceutical irreparable harm, damage, and injury and will continue to do so unless restrained and enjoined by this Court from further infringing the NATURAL SPORT Mark.

33. Nutraceutical has no adequate remedy at law.

## COUNT II
## Unfair Competition Under Federal Law
## (15 U.S.C. § 1125(a))

34. Nutraceutical realleges the allegations contained in each of the paragraphs above.

35. This is a claim for unfair competition, arising from Defendant's unlawful acts, including, without limitation, use of a false designation of origin which is likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. Defendant's conduct constitutes an attempt to trade on the goodwill that Nutraceutical has developed in the NATURAL SPORT Mark.

37. By its conduct, Defendant has caused Nutraceutical irreparable harm, damage, and injury to the value and goodwill of Nutraceutical's NATURAL SPORT Mark, as well as to Nutraceutical's business, goodwill, and reputation.

38. Upon information and belief, Defendant will continue to commit the acts complained of in this Complaint unless restrained and enjoined by this Court.

39. Nutraceutical has no adequate remedy at law.

## COUNT III
### Refusal of the NATURE SPORT Applications
### (15 U.S.C. § 1119)

40. Nutraceutical realleges the allegations contained in each of the paragraphs above.

41. Nutraceutical possesses senior, nationwide, common law and registered trademark rights to the NATURAL SPORT Mark for dietary and nutritional supplements.

42. Because confusion is likely between Nutraceutical's senior NATURAL SPORT Mark and Defendant's junior NATURE SPORT and NATURE SPORT-formative marks with respect to use and registration in connection with identical dietary and nutritional supplements, the marks set forth in Defendant's NATURE SPORT Applications should be refused registration in international Class 5, pursuant to 15 U.S.C. § 1052(d).

43. Pursuant to 15 U.S.C. § 1119, the Court should direct the USPTO to refuse registration in international Class 5 to the marks set forth in the NATURE SPORT Applications, or else to cancel any such registrations that issue.

## COUNT IV
### Violation of Utah Unfair Competition and Practices Acts
### (Utah Code Ann. § 13-5-101, *et seq.*)

44. Nutraceutical realleges the allegations contained in each of the paragraphs above.

45. This is a claim for violation of the Utah Unfair Competition and Practices Acts arising from Defendant's unlawful acts, including, without limitation, infringement and diminution in value of Nutraceutical's NATURAL SPORT Mark.

46. Defendant's conduct is likely to cause confusion, mistake, or deception as to the source or origin of Defendant's dietary and nutritional products, or the affiliation, sponsorship, or other relationship between the parties in violation of the Utah Unfair Competition Act.

47. By its conduct, Defendant has caused Nutraceutical irreparable harm, damage, and injury to the value and goodwill of Nutraceutical's NATURAL SPORT Mark, as well as to Nutraceutical's business, goodwill, and reputation.

48. Upon information and belief, Defendant will continue to commit the acts complained of in this Complaint unless restrained and enjoined by this Court.

49. Nutraceutical has no adequate remedy at law.

## COUNT V
## Unjust Enrichment
## (Utah Common Law)

50. Nutraceutical realleges the allegations contained in each of the paragraphs above.

51. Defendant has benefited from the improper, unfair, and unauthorized use of Nutraceutical's exclusive trademark rights in the NATURAL SPORT Mark and its attendant goodwill through Defendant's use of the confusingly similar NATURE SPORT mark.

52. Defendant has knowledge of and fully appreciates the benefits it has received from Nutraceutical as a result of such actions.

53. Defendant would be unjustly enriched if permitted to retain the proceeds and benefits obtained from its actions.

54. Equity and good conscience dictate that Defendant be required to account for and turn over to Nutraceutical an amount equal to the value of the benefits conferred upon Defendant through use of its NATURE SPORT mark.

## PRAYER FOR RELIEF

Nutraceutical prays for the following relief and requests that the Court:

A. Grant permanent injunctive relief enjoining Defendant and each of its principals, directors, agents, servants, employees, successors, and assigns, and all those in privity, concert, or participation with them, from:

      i.     imitating, copying, duplicating, manufacturing, producing, circulating, or otherwise making any use of the NATURAL SPORT Mark, or any mark confusingly similar to the NATURAL SPORT Mark, including but not limited to NATURE SPORT;

      ii.    using any unauthorized copy or colorable imitation of the NATURAL SPORT Mark, including but not limited to NATURE SPORT, or using any false designation of origin or description, in such fashion as is likely to relate or connect Defendant with Nutraceutical or cause confusion;

      iii.   engaging in any other activity constituting unfair competition or infringement of the NATURAL SPORT Mark or Nutraceutical's rights in, or to use, or to exploit the same; and

      iv.   assisting, aiding, or abetting another person or business entity in engaging or performing any of the activities enumerated in paragraphs (i) – (iii) above.

    B.    Find that Defendant is liable for the causes of action alleged against it in this Complaint.

    C.    Direct the USPTO to refuse registration in Class 5 to the marks set forth in the NATURE SPORT Applications, pursuant to 15 U.S.C. § 1119, or else to cancel any such registrations that issue.

    D.    Grant an order requiring Defendant and its principals, directors, agents, servants, employees, successors, and assigns, and all those in privity, concert, or participation with Defendant who receive actual notice of said order to deliver up, or at Nutraceutical's election, certify the destruction of all promotional, advertising, product, packaging, and any other materials of any kind bearing the NATURE SPORT mark and any other mark confusingly similar to the NATURAL SPORT Mark.

E.	Award to Nutraceutical monetary damages in an amount to be fixed by the Court in its discretion as just including, but not limited to, all of the Defendant's profits or gains of any kind resulting from Defendant's willful infringement and/or acts of unfair competition, and any damages Nutraceutical suffered as a result of Defendant's actions, said damages to be trebled, and Nutraceutical's costs, exemplary damages, and reasonable attorney's fees in view of the intentional nature of the acts complained of in this Complaint and the exceptional nature of this case, pursuant to 15 U.S.C. § 1117(a)-(b), and applicable common law, state statute and federal law, including Utah Code Ann. §§ 13-5-14, 13-11-19, and 13-11a-4.

F.	Order Defendant to conduct corrective advertising sufficient to inform the consuming public that there is no connection between Nutraceutical and Defendant.

G.	Award Nutraceutical pre- and post-judgment interest on any monetary award made part of the judgment against Defendant.

H.	Grant to Nutraceutical such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

## JURY DEMAND

Nutraceutical demands a trial by jury on all issues so triable.

Dated: October 27, 2015.

                                            Respectfully submitted,

                                            /s/ Kennedy D. Nate
                                            Peggy A. Tomsic
                                            Kennedy D. Nate
                                            *Magleby & Greenwood, P.C.*

                                            Timothy P. Getzoff
                                            Nadya C. Davis
                                            *Holland & Hart LLP*

        **ATTORNEYS FOR PLAINTIFFS**
        **NUTRACEUTICAL CORPORATION AND**
        **NUTRAMARKS, INC.**

8151054_1